## Calumet Land Co. and Louis A. Bryan v. James A. Perry.

1. PRACTICE—*Amendments in Matters of Form.*—Where a plaintiff amends his declaration in matters of form only, the defendant is not, for that reason, and as a matter of course, entitled to a continuance.

Calumet Land Co. v. Perry.

**Assumpsit,** on a promissory note. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed January 2, 1900.

JOHN J. McCLELLAN and CHARLES C. SPENCER, attorneys for appellants.

JESSE A. & HENRY R. BALDWIN, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit by appellee upon a promissory note made by appellants, payable to the order of the American Exchange National Bank. The indorsements material to this controversy are written " Am. Ex. Nat. Bank " and " Am. Nat. Bank." The declaration contained a special count and also the common counts.

The special count declared that the defendants made the said promissory note, etc., and thereby promised to pay four hundred dollars to the order of the American Exchange National Bank of Chicago, and that said bank indorsed the said note to the American National Bank, a corporation, etc., by which it was indorsed to the plaintiff. It appeared upon the hearing from the evidence that the name of the bank which transferred the note in question to the plaintiff was in fact " America National Bank." Appellee's counsel thereupon asked leave to correct the alleged clerical error upon the face of the declaration, by striking out the superfluous letter " n," which motion was granted, the pleas on file to stand to the amended declaration.

Counsel for appellants then objected to proceeding with the trial of the cause and moved to strike it from the short cause calendar, upon the call of which the cause was being tried. This motion being denied, appellants' counsel asked leave to file to the declaration as amended an amended plea, which they had that morning before been refused leave to file to the original declaration.

It is now urged that such leave should have been granted because appellants were entitled to plead *de novo* to the

declaration after it had been amended by striking out the letter *n*, so as to make the name of the bank read " America " instead of " American." No reason appears why the motion to file the rejected plea should have been granted. If a technical reason for justifying the court's refusal to allow it to be filed was wanted, it would be found in the fact that the said amended plea contained the same error in the name of the bank as the original declaration. The only reason stated in support of the motion, so far as appears from the abstract was, that after the amendment of the declaration the cause was not at issue. No offer was made and no leave requested to plead generally to the amended declaration. The amendment to the declaration, so far as appears, was not at all material, in that it did not affect appellants' defense to the note sued upon, nor render any new defense necessary. No showing at all was made in support of the motion to file the amended plea. Appellants offered no evidence, and if they have a meritorious defense to the action they utterly failed to make it manifest.

Where the plaintiff amends in matters of form only, the defendant is not, for that reason, and as a matter of course, entitled to a continuance. So far as can be determined from the record before us, the desire to plead *de novo* was not manifested at the trial.

The judgment of the Superior Court is affirmed.